USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
MICHEL TOLIVER,                             :
                                            :
                           Plaintiff,       :      10 Civ. 5806 (SHS)
                                            :
            -against-                       :      OPINION & ORDER
                                            :
DEPT. OF CORRECTIONS, ET AL.,               :
                                            :
                           Defendants.      :
                                            :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff brings this action, *pro se*, pursuant to 42 U.S.C. § 1983 alleging physical abuse, assault, and cruel and unusual punishment suffered by Toliver while incarcerated in a New York City Department of Corrections facility in May 2010. The original defendants were the "New York City Department of Corrections," "Commissioner of the Department," "Chief of the Department," "Warden of G.R.V.C.," "Captain Presley," "Officer Bentlon/Button," "Captain Banks," and an unknown DOC officer. The City of New York now moves to dismiss the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the reasons set forth below, that motion is denied.

I. **BACKGROUND**

Michel Toliver filed the original complaint in this action on August 2, 2010. (*See* Complaint, dkt. no. 2.) On May 16, 2011, defendants New York City Department of Corrections, Commissioner of the Department, Chief of the Department, and the Warden of G.R.C.V., moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Def.'s Mot. to Dismiss dated May 16, 2011, dkt. no. 24.) Defendants also moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 4(m), with respect to those defendants

1

who had not yet been served with the complaint, specifically, "Captain Presley," "Officer Bentlon/Button," "Captain Banks," and an unknown D.O.C. officer. (*See* Def.'s Mot. to Dismiss dated May 16, 2011, dkt. no. 24.)

Toliver sought permission to amend the complaint, but on May 19, 2011, Magistrate Judge Ronald Ellis denied plaintiff's application to amend his complaint without prejudice, "[i]n light of the pending motion to dismiss in this case." (Order dated May 19, 2011, dkt. no. 28.) The Court file also contains an amended complaint from plaintiff, which states that it was served on February 8, 2011 on the Corporation Counsel. This amended complaint was docketed and filed on July 25, 2011. (*See* Amended Complaint, dkt. no. 32.) The next day, July 26, 2011, this Court dismissed the claims against the commissioner, chief, warden and unknown officer without prejudice, and the claims against the DOC with prejudice.[1] (Order dated July 26, 2011, dkt. no. 30.) The Court directed the DOC to "ascertain the shield numbers for Banks, Presley and Officer McAbe, and the addresses where they may be served," and to provide that information to plaintiff and the Court within forty-five days of the Order. (*Id.*) The Court also ordered that "[i]f plaintiff intends to pursue this action, he must thereafter file an amended complaint within forty-five (45) days of receiving the identifying information." (*Id.*)

On August 1, 2011, the City provided plaintiff and the Court with the correct names and addresses for the individual defendants. (Letter from the City of New York to Magistrate Judge James C. Francis, dated August 1, 2011, Ex. A to Declaration of Joseph A. Marutollo dated Dec. 20, 2011, dkt. no. 46.) A few weeks later, on August 24, this Court ordered that "[i]f plaintiff intends to pursue this action, he is directed to file a second amended complaint pursuant to this

---

[1] The claims against the commissioner, chief and warden were dismissed because plaintiff failed to allege the personal involvement of those parties. The claims against the DOC were dismissed because the DOC is not a suable entity under New York City law. (Memorandum Order dated July 26, 2011 at 3-4.)

Court's Memorandum Order dated July 26, 2011."[2] (Order dated Aug. 24, 2011, dkt. no. 35.) On September 20, 2011, this Court ordered that plaintiff's "request for an extension of time in which to file the second amended complaint is granted until October 28, 2011." (Endorsement, dated Sept. 20, 2011, to Letter from Michel Toliver to Judge Sidney H. Stein dated Aug. 28, 2011, dkt. no. 39.) Since that September 20, 2011 Order, plaintiff has not filed any amended pleading.

## II.  DISCUSSION

The City moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 41(b) which provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

The U.S. Court of Appeals for the Second Circuit reviews dismissals pursuant to Rule 41(b) "for an abuse of discretion in light of the whole record." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). However, the Second Circuit has cautioned that "a Rule 41(b) dismissal remains 'a harsh remedy to be utilized only in extreme situations.' " *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)). The Second Circuit has also emphasized that "district courts should be especially hesitant to dismiss for procedural deficiencies where…the failure is by a pro se litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

---

[2] The Court directed plaintiff to file a "Second Amended Complaint," rather than an "Amended Complaint," because plaintiff had filed an "amended complaint" during the pendency of the motion to dismiss. (*See* Amended Complaint, dkt. no. 32.)

3

The Second Circuit "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order, and these factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal citations omitted) (alterations in original). Specifically, "a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." *Id.* (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)) (alterations in original).

In assessing the first factor—the duration of the plaintiff's failures—the Court notes that plaintiff's most recent failure is relatively short-lived. The Court directed plaintiff to file a second amended complaint by October 28, 2011. (Endorsement, dated Sept. 20, 2011, to Letter from Michel Toliver to Judge Sidney H. Stein dated Aug. 28, 2011, dkt. no. 39.) The City's present motion to dismiss was filed approximately two months after that deadline had passed. (*See* Def.'s Notice of Mot. to Dismiss dated Dec. 20, 2011, dkt. no. 44.) "[W]hen a pro se plaintiff who likely lacks the professional and institutional support of a paid advocate is involved, such tardiness does not much weigh in favor of the dismissal with prejudice." *LeSane*, 239 F.3d at 210 (noting that plaintiff's failing was "barely a month old").

The second factor—whether plaintiff had received notice that further delays would result in dismissal—also does little to advance defendants' cause. While plaintiff did receive notice

4

that he was required to file a second amended complaint (*see* Order dated July 26, 2011, dkt. no. 30; Endorsement, dated Sept. 20, 2011, to Letter from Michel Toliver to Judge Sidney H. Stein dated Aug. 28, 2011, dkt. no. 39), the Court never specifically stated that the result of plaintiff's failure in this regard would be dismissal of his complaint.

More importantly, plaintiff has repeatedly asserted that he believed—mistakenly—that he was complying with the Court's orders. In a letter dated August 3, 2011 plaintiff wrote "that the defendants' requests [to remove the Amended Complaint from the docket sheet] are unwarranted and without merit, as the Court is already in receipt of Plaintiff's Amended Complaint in this matter." (Letter from Michel Toliver to Judge Sidney H. Stein dated August 3, 2011, dkt. no. 34.) Plaintiff also asserted that he had "submitted the Amended Complaint," and wrote that he was amenable to "re-send[ing] the exact same Amended Complaint to the Court." (*Id.*) In letters dated December 12 and December 18, plaintiff reiterated his belief that he had complied with the Court's orders, apparently by filing the amended complaint that is Docket Entry 32. In the December 12 letter, plaintiff wrote that "[t]he Second Amended Complaint was mailed and Plaintiff has the proof from the mailroom and please see the docket sheet: Docket Entry: "33" Amended Summons issued—and Docket entry: "40" Second Amended Complaint along with Motion to Amend." (Letter from Michel Toliver to Judge Sidney H. Stein dated Dec. 12, 2011, dkt. no. 51.) Docket Entry 40 contains a motion to amend the complaint dated July 14, 2011 and attaches a complaint dated May 29, 2010. In the December 18 letter, plaintiff wrote that "before the deadline of October 28, 2011, plaintiff submitted a Second Amended Complaint." (Letter from Michel Toliver to Chief Judge Loretta Preska dated Dec. 18, 2011, dkt. no. 50.) He then identified various subsections contained in his Second Amended Complaint and wrote "I submitted a large manila envelope and I had it sent from the mailroom here at Shawangunk Correctional facility...Judge Preska, I sent the Second Amended Complaint out both to the Court

5

and to the Corporation counsel." (*Id.*) He concludes by writing "Plaintiff has complied with all orders ever given me, Your Honor." (*Id.*) Given the plaintiff's vigorous protestations and apparent confusion, the Court cannot find that the consideration of notice weighs heavily against plaintiff.

Third, in considering the possible prejudice to defendants, the Court notes that although "prejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982), "there is no evidence in the record that plaintiff's delay in filing his response caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself. There are, for example, no indications that the delay increased the litigation costs defendants had to bear or reduced (perhaps due to decaying evidence) their likelihood of success on the merits." *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). Therefore, the third factor weighs only slightly in the direction of dismissal.

The fourth factor—whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard—does not weigh overly heavily against plaintiff. Although plaintiff is indeed a very frequent filer of complaints in this Court—he has filed at least fifteen complaints in the Southern District of New York, many of which are still pending—the Court cannot judge the merit or lack of merit in this action at this time. Plaintiff has sent several letters to the Court, but each letter was directed at addressing the matter of amending his pleading(s).

The Court weighs the fifth factor—the efficacy of lesser sanctions—in favor of plaintiff. Plaintiff has expressed substantial confusion as to the Court's order regarding the Second Amended Complaint, and indeed, as to what constitutes the Second Amended Complaint. The

best course of action, therefore, is to alleviate plaintiff's confusion with a more specific order, and to allow plaintiff an additional period of time in which to file a Second Amended Complaint.

## III. CONCLUSION

The Court hereby notifies plaintiff that any previous filings by plaintiff do not constitute the Second Amended Complaint. Plaintiff is ordered to file a Second Amended Complaint correcting the fatal deficiencies set forth in the Court's July 26, 2011 Memorandum Order (dkt. no. 30), even if that means plaintiff must re-file whatever document he believes he has already submitted that constitutes the Second Amended Complaint, because the Court is unable to determine what that is.

Plaintiff must file his Second Amended Complaint within thirty (30) days of receipt of this Opinion and Order. If plaintiff does not comply with this Order, this action will be dismissed pursuant to Rule 41(b) for failure to prosecute. After plaintiff files a Second Amended Complaint, the Clerk of Court is ordered to issue a second amended summons so that any defendant who has not yet been served in this action can be served.

For the reasons set forth above, the motion by the City of New York to dismiss the complaint pursuant to Rule 41(b) for failure to prosecute is denied.

Dated: New York, New York
        February 1, 2012

SO ORDERED:

Sidney H. Stein, U.S.D.J.