```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
MICHEL TOLIVER,                      :  10 Civ. 5806 (SHS) (JCF)
                                     :
              Plaintiff,             :      REPORT AND
                                     :      RECOMMENDATION
      - against -                    :
                                     :
THE CITY OF NEW YORK, COMMISSIONER   :
OF THE DEPT. OF CORRECTIONS, CHIEF   :
OF THE DEPT. OF CORRECTIONS,         :
WARDEN OF G.R.V.C., D.O.C. CAPTAIN   :
PRESSLEY # 1176, D.O.C. CAPTAIN      :
BANKS #819, D.O.C. OFFICER BURTON    :
# 14371, D.O.C. OFFICER McARDLE      :
# 17893                              :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE SIDNEY H. STEIN, U.S.D.J.:
```

Michel Toliver brings this action pro se pursuant to 42 U.S.C. § 1983 against Captain Pressley, Captain Banks, Correction Officer Burton[1], and Correction Officer McArdle.[2] Mr. Toliver alleges that the defendants violated his civil rights by subjecting him to excessive force, failing to provide for his medical needs, and destroying his property, all while he was detained at George R. Vierno Center ("GRVC") on Rikers Island in May 2010. The

---

[1] Mr. Toliver refers to this defendant as "Burton" in the second amended complaint, and as "Burton," "Burtton," "Buntton," and "Bentton" in his opposition papers; the City defendants refer to this defendant as "Bunton." In this report and recommendation, he is refered to as "Burton."

[2] The parties have not provided the first names of the individual defendants.

1

defendants concede that there is a dispute of material fact pertaining to Mr. Toliver's claim of excessive force against Officer Burton. The defendants move for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on all other claims. For the following reasons, I recommend that the motion be granted in part and denied in part.

Background

    A. Facts

    The following facts are taken from the parties' statements pursuant to Rule 56.1 of the Local Rules of the Southern and Eastern Districts of New York ("Local Civil Rules") and the accompanying affidavits and exhibits. (See Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("Def. 56.1 Statement"); Plaintiff's Answer to Defendants' Undisputed Facts to Local Civil Rule 56.1 ("Pl. 56.1 Statement"); Plaintiff's Second Amended Complaint ("2d Am. Compl.")). The following facts are viewed in the light most favorable to the plaintiff.[3]

_____

    [3] Rule 56.1 requires a motion for summary judgment to be accompanied by a statement of the material facts that the movant believes undisputed, with citations to admissible evidence. Local Civil Rule 56.1(a) & (d). The party opposing summary judgment must submit, with his opposition, a statement responding to each of the proposed undisputed facts, also with citations to admissible evidence. Local Civil Rule 56.1(b) & (d). Where the court's independent review of the record yields evidence contrary to a given assertion in the moving party's Local Rule 56.1 statement, or where a party fails to support an assertion by citing admissible

On May 11, 2010, Captain Pressley, Captain Banks, Officer Burton, and Officer McArdle approached Mr. Toliver while he was locked in his cell at GRVC. (2d Am. Compl. at 7).[4]   The captains ordered that Mr. Toliver's cell be opened and informed him that they were going to conduct a "routine search." (2d Am. Compl. at 7).   The captains then ordered the officers to strip search Mr. Toliver, and after he had re-dressed, the officers began to search his cell. (2d Am. Compl. at 7, 11).   During the search, Officer Burton allegedly "tore up most of [Mr. Toliver's] legal work . . . and flushed it down the toilet[,] and threw the rest of [his] files outside the cell so that sanitation could sweep it up and destroy it." (2d Am. Compl. at 11; Def. 56.1 Statement, ¶ 5).   The legal

---

evidence, the court may reject that assertion. <u>Holtz v. Rockefeller & Co.</u>, 258 F.3d 62, 73 (2d Cir. 2001). Conversely, where the moving party's Local Rule 56.1 statement is not contradicted by the court's review of the record, then the party's assertions will be "deemed admitted as a matter of law" for the purposes of a summary judgment motion. <u>See, e.g.</u>, <u>Chitoiu v. UNUM Provident Corp.</u>, No. 05 Civ. 8119, 2007 WL 1988406, at *1 n.1 (S.D.N.Y. July 6, 2007) (granting summary judgment against <u>pro se</u> plaintiff who failed to respond to defendant's Local Rule 56.1 statement of facts). Mr. Toliver agrees with the defendants' Local Rule 56.1 statement except for ¶ 27. (Pl. 56.1 Statement at 2). For all other facts my review of the record did not reveal anything to contradict the facts as set forth in the defendants' Rule 56.1 Statement. Therefore, I have taken those facts, excluding ¶ 27, as true.

[4] As the plaintiff's Second Amended Complaint is not fully paginated, I refer to the page numbers on the Second Amended Complaint assigned by the Case Management/Electronic Case Filing (CM/ECF) system.

papers included sworn affidavits of witnesses in Mr. Toliver's criminal case, pictures, statements, copies of letters he had sent to government agencies, transcripts, notices of claim, documents from the City of New York, documents from a commissioner's office, and answers to complaints. (Def. 56.1 Statement, ¶ 7). When Mr. Toliver complained, he was ordered to "'shut up' . . . or '[he] would be dropped to the floor[,]' handcuffed[,] and escorted outside the cell." (2d Am. Compl. at 11). Officer McArdle allegedly threatened Mr. Toliver, telling him, "I will drop your fucking Homo faggottay [sic], snitching Ass on the floor [if you] say one more word." (2d Am. Compl. at 11).

After the search was completed, the captains ordered Mr. Toliver to sit on the bed in his cell, and Captain Pressley ordered Officer Burton to remove his handcuffs. (2d Am. Compl. at 12). Officer Burton then "punched and slapped [Mr. Toliver] in the face [while he] was still handcuffed," and "[n]either captain responded to the assault." (2d Am. Compl. at 12). According to Mr. Toliver, the two blows occurred in quick succession. (Def. 56.1 Statement, ¶ 12). As a result of the incident, Mr. Toliver "suffered significant bruises to [his] jaw and face", and afterward, he was denied immediate treatment for his injuries despite asking Captain Banks, Captain Pressley, and several other officers for medical attention. (2d Am. Compl. at 12; Def. 56.1 Statement, ¶ 16-17).

4

Mr. Toliver asserts, "I am an overt homosexual and because of my sexual orientation this was done to me along with my filing complaints and grievances." (2d Am. Compl. at 12). Mr. Toliver ultimately received medical attention three days later, after he met with investigators. (Def. 56.1 Statement, ¶ 17). At that time he received antibiotic ointment and painkillers. (Def. 56.1 Statement, ¶ 22).

B. <u>Procedural History</u>

Mr. Toliver filed his 2d Am. Compl. on February 17, 2012, and in response to the defendants' motion, the Honorable Sidney H. Stein, U.S.D.J., issued an Order on January 14, 2013, dismissing the claims against the City of New York, the Commissioner of the Department of Correction, the Chief of the Department of Correction, and the Warden of GRVC.

On July 31, 2013, the remaining defendants, Captain Pressley, Captain Banks, Officer McArdle, and Officer Burton, filed the instant motion for partial summary judgment.

<u>Discussion</u>

A.  <u>Standard of Review</u>

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>accord</u> <u>Doninger v. Niehoff</u>, 642 F.3d 334, 344 (2d Cir.

5

2011).  A dispute regarding a material fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009), and a material fact is one that "'might affect the outcome of the suit under the governing law,'" Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (quoting Anderson, 477 U.S. at 248).  "In deciding whether a genuine dispute exists, a court must 'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'"  Seeman v. Local 32B-32J, Service Employees Union, 769 F. Supp. 2d 615, 620 (S.D.N.Y. 2011) (quoting Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003)).

The moving party bears the initial burden of identifying those portions of the record that demonstrate "the absence of a genuine issue of material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), following which the opposing party must come forward with specific facts showing a genuine issue for trial.  The parties can support their claims with discovery materials, stipulations, affidavits, or other evidence, see Fed. R. Civ. P. 56(c)(1)(A); however, "'only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment,'" Presbyterian

6

Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 264 (2d Cir. 2009) (quoting Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997)).  Thus, the parties cannot rely on "'conclusory allegations or unsubstantiated speculation'" to support or defeat a motion for summary judgment.  Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (quoting Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 428 (2d Cir. 2001)).

Where a litigant is pro se, his pleadings should be read liberally and interpreted "'to raise the strongest arguments that they suggest.'"  Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (quoting Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001)). Nevertheless, proceeding pro se does not relieve a litigant from the usual requirements of summary judgment, and a pro se party's "bald assertion, completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Geldzahler v. New York Medical College, 746 F. Supp. 2d 618, 620 n.1 (S.D.N.Y. 2010) (internal quotation marks omitted).  But even where the plaintiff has received notice pursuant to Local Rule 56.2 regarding the requirements for opposing a summary judgment motion, the court may conduct "'an assiduous review of the record' to determine if there is any evidentiary support for his assertions of fact that do not cite to evidence and to determine if there are any other material issues of fact."  Id. (quoting Lee v. Coughlin, 902 F.

Supp. 424, 429 (S.D.N.Y. 1995)).

    B.   <u>Excessive Force and Failure to Intervene</u>

It is well settled in the Second Circuit that "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994) (quoting <u>Moffitt v. Town of Brookfield</u>, 950 F.2d 880, 885 (2d Cir. 1991)). "Personal involvement," however, is not limited to direct participation in the deprivation of rights at issue. A defendant who occupies a supervisory position may be "personally involved" in a deprivation of constitutional rights in several ways, including: (1) directly participating in the infraction; (2) after learning of the violation, failing to remedy the wrong; (3) creating a policy or custom under which unconstitutional practices occurred, or allowing such a policy or custom to continue; (4) being grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) demonstrating "gross negligence" or "deliberate indifference" to the constitutional rights of an individual by having actual or constructive notice of unconstitutional practices and failing to act. <u>See</u> <u>Wright</u>, 21 F.3d at 501 (citing <u>Williams v. Smith</u>, 781 F.2d 319, 323-24 (2d Cir. 1986)); <u>McCann v. Coughlin</u>, 698 F.2d 112, 125 (2d Cir. 1983).

The defendants argue that Captain Pressley, Captain Banks, and

Officer McArdle are entitled to summary judgment on Mr. Toliver's claim of excessive force because they did not personally use force and did not have a reasonable opportunity to intercede.   Mr. Toliver's position is that all the defendants were present and heard Officer McArdle threaten and then assault him.   (2d Am. Compl. at 25-26).   There is no dispute that Officer Burton was the only individual who allegedly struck Mr. Toliver.   (Def. 56.1 Statement, ¶ 11).

Although Mr. Toliver does not claim that Captain Pressley, Captain Banks, or Officer McArdle directly participated in the alleged use of excessive force, "a correctional officer has an affirmative duty to intercede on behalf of an inmate when he witnesses a violation of that inmate's [constitutional] rights by . . . [his] fellow officers." Kee v. Hasty, No. 01 Civ. 2123, 2004 WL 807071, at *26 (S.D.N.Y. April 14, 2004); O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988).   However, liability attaches "only [] if '(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene.'" Tavares v. City of New York, No. 08 Civ. 3782, 2010 WL 234974, at *4 (S.D.N.Y. Jan. 19, 2010) (quoting Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)); see also

Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).  "Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is a question of fact," unless the evidence shows that "a reasonable jury could not possibly conclude otherwise."  Anderson, 17 F.3d at 557.

Mr. Toliver alleges that Officer McArdle "worked along with [Officer Burton], threatening plaintiff," that Captain Banks "was alerted and was made aware of the threats," and that their failure to intervene to stop both the threats and the physical attacks violate Section 1983.  (Declaration of Plaintiff's Opposition to Defendants' Motion [for] Partial Summary Judgment ("Pl. Opp.") at 3).[5]  The defendants counter that they are entitled to summary judgment because they had no realistic opportunity to prevent the harm.

Mr. Toliver has failed to demonstrate that there is sufficient evidence to permit a jury to conclude that the failure of Captain Banks and Officer McArdle to intercede was a proximate cause of the beating and that there was sufficient time for them to prevent the harm.  After Mr. Toliver complained about the destruction of his property, Officer Burton struck Mr. Toliver in the face twice in

---

[5] Mr. Toliver states that he is prepared to dismiss this claim against Captain Pressley.  (Pl. Opp. at 3; Def. 56.1 Statement ¶ 28).

succession.  (Def. 56.1 Statement, ¶¶ 11-12).  Mr. Toliver does not contest that the two blows were sudden and provides no evidence showing that there was enough time after the first blow to prevent the second.  (Pl. 56.1 Statement at 2).  Therefore, Captain Banks, and Officer McArdle are entitled to summary judgment on Mr. Toliver's excessive force and failure to intervene claim.  See O'Neill, 839 F.2d at 11-12 (finding no failure to intervene claim where excessive force based on repeated physical blows was not of "sufficient duration to support a conclusion that an officer who stood by without trying to assist the victim became a tacit collaborator.").

C.   Deliberate Indifference to Medical Needs

Mr. Toliver argues that all the defendants violated his constitutional rights by failing to heed his cries for help and denying him immediate medical attention after he was struck by Officer Burton.  (Pl. Opp. at 6; Excerpts from Transcript of Deposition of Michel Toliver dated June 21, 2013 ("Toliver Dep."), attached as Exh. A to Declaration of Joshua A. Lax dated July 31, 2013, at 111-12).  The defendants respond that Mr. Toliver cannot show that he suffered from a serious medical condition or that they acted with a sufficiently culpable state of mind.  (Defendants' Memorandum of Law in Support of Their Motion to Partial Summary Judgment at 6).

11

"To establish an unconstitutional denial of medical care, a prisoner must prove deliberate indifference to [his] serious medical needs." <u>Hathaway v. Coughlin</u>, 37 F.3d 63, 66 (2d Cir. 1994) (alteration in original) (internal quotation marks omitted). The test for deliberate indifference has both objective and subjective components. <u>Id.</u> First, as an objective matter, the alleged deprivation must be "'sufficiently serious.'" <u>Id.</u> (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). "This standard contemplates a [showing by the prisoner that his medical need was] a condition of urgency, one that may produce death, degeneration, or extreme pain." <u>Lucas v. McCoy</u>, No. 10 Civ. 9611, 2011 WL 6005164, at *2 (S.D.N.Y. Nov. 30, 2011) (alteration in original) (internal quotation marks omitted). When the basis for the deliberate indifference claim is that treatment was delayed, "the relevant concern is the 'particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition.'" <u>Rodriquez v. City of New York</u>, 802 F. Supp. 2d 477, 482 (S.D.N.Y. 2011) (quoting <u>Smith v. Carpenter</u>, 316 F.3d 178, 186 (2d Cir. 2003)). The actual medical consequences attributable to the delay in care are usually "'highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm.'" <u>Id.</u> (quoting <u>Smith</u>, 316 F.3d at 187).

Second, the prisoner must show that the charged official acted "with a sufficiently culpable state of mind," meaning that the "official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Hathaway, 37 F.3d at 66 (citing Wilson, 501 U.S. at 298, and Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 66 (internal quotation marks omitted).

As to the objective element, Mr. Toliver alleges that he suffered bruising, broken skin, a bloody nose, and a swollen jaw. (Toliver Dep. at 111; 2d Am. Compl. at 7).  He alleges that he requested medical attention "for days and did not get it." (Toliver Dep. at 111).  When Mr. Toliver finally received treatment three days later, the medical examiner gave him painkillers and applied antibiotic ointment to his skin.  (Toliver Dep. at 120).  Although the plaintiff does not specifically complain of continuing pain before being treated, it is reasonable to assume that he experienced some pain.  A medical condition is deemed "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Sonds v. St. Barnabas Hospital Correctional Health Services, 151 F. Supp. 2d 303, 310 (S.D.N.Y.

13

2001) (quoting <u>Hunt v. Uphoff</u>, 199 F.3d 1220 (10th Cir. 1999)).
Thus, where "unnecessary and wanton infliction of pain" results, or
where the denial of treatment causes an inmate to suffer a life-long
handicap or permanent loss, the medical need may be considered
serious. <u>Harrison v. Barkley</u>, 219 F.3d 132, 136 (2d Cir. 2000);
<u>Sonds</u>, 151 F. Supp. 2d at 310. Mr. Toliver fails to proffer
evidence of a sufficiently serious injury. The minimal treatment
that he ultimately received -- treatment he does not complain about
-- leads to the conclusion that his injuries were not serious. <u>See</u>
<u>Dallio v. Hebert</u>, 678 F. Supp. 2d 35, 60 (N.D.N.Y. 2009) (two black
eyes, bruising in kidney area, kick marks and open laceration on
knees not serious medical condition); <u>Rodriquez v. Mercado</u>, No. 00
Civ. 8588, 2002 WL 1997885, at *8 (S.D.N.Y. Aug. 28, 2002) (bruises
to head, back, and wrists sustained during excessive force incident
not sufficiently serious); <u>Sonds</u>, 151 F. Supp. 2d at 310 (holding
that bleeding finger with ripped skin does not constitute serious
medical condition). Furthermore, Mr. Toliver has not shown that any
harm was caused by the delay between the time of the incident and
his later treatment by medical staff. <u>See</u> <u>Rodriquez</u>, 802 F. Supp.
2d at 482 (granting defendants' summary judgment on the plaintiff's
deliberate indifference claim where "plaintiff presents no evidence
that his condition worsened as a result of the three-day delay
between his request and receipt of medical attention"); <u>Grant v.</u>

Borroughs, No. 96 Civ. 2753, 2000 WL 1277592, at *4 (S.D.N.Y. Sept. 8. 2000) (even assuming plaintiff was in pain for two months, plaintiff's pain was not so severe as to constitute serious medical condition).  For these reasons, I recommend that the defendants' motion for summary judgment be granted on the plaintiff's claim for deliberate indifference to his medical needs.[6]

    D.  Destruction of Property

    Liberally construed, Mr. Toliver's complaint alleges that Officer Burton committed multiple constitutional violations pertaining to the destruction of his property, including (1) denial of access to the courts based on the alleged destruction of his legal documents, (2) retaliation for engaging in constitutionally protected actions, and (3) deprivation of personal property without due process.

        1.  Denial of Access to Courts

    "It is [] established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977).  The active interference of prison officials in the preparation or filing of legal documents may constitute

---

    [6] Because I recommend that defendants be granted summary judgment on the failure to intervene and denial of medical need claims, there is no need to address the question of qualified immunity.  See Barrett v. Orange County Human Rights Commission, 194 F.3d 341, 344 (2d Cir. 1999) (finding immunity no longer of consequence because individual defendants found not to have infringed plaintiff's rights).

denial of access.  See Lewis v. Casey, 518 U.S. 343, 350 (1996).
However, a prisoner must show an actual injury in order to sustain
such a claim, id. at 349, and actual injury occurs only when "the
loss of [the plaintiff's] materials prejudiced his ability to pursue
a legal claim."   Santiago v. New York City Department of
Corrections, No. 97 Civ. 9190, 2003 WL 1563773, at *5 (S.D.N.Y.
March 6, 2003); see also Davis v. Goord, 320 F.3d 346, 352 (2d Cir.
2003).  Accordingly, to survive summary judgment, the plaintiff must
introduce evidence to establish that his ability to pursue some
criminal or civil case was hindered by the destruction of his legal
papers.  See, e.g., Thomas v. Thomas, No. 97 Civ. 4541, 2000 WL
307391, at *3 (S.D.N.Y. March 23, 2000).

Mr. Toliver fails to describe a legal injury resulting from the
destruction of his property.  He merely states that "the only reason
someone in defendants' position would logically destroy legal
documents along with other obvious property would be to hinder
. . . litigation and . . . the progress of my criminal matter."
(Pl. Opp. at 8).  Such conclusory statements are not evidence that
Mr. Toliver suffered an actual injury sufficient to support a claim
of denial of access to the courts.

## 2.  Retaliation

Mr. Toliver alleges that the defendants destroyed his property
in retaliation for his filing complaints and grievances against

other correction officers at Rikers Island. Such actions are prohibited under the Constitution because "retaliatory actions may tend to chill individuals' exercise of constitutional rights." <u>ACLU v. Wicomico County</u>, 999 F.2d 780, 785 (4th Cir. 1993).

Courts approach such retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official -- even those not rising to the level of a constitutional violation -- can be characterized as a constitutionally proscribed retaliatory act." <u>Dawes v. Walker</u>, 239 F.3d 489, 491 (2d Cir. 2001), <u>overruled on other grounds by Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002). To survive summary judgment, a plaintiff alleging retaliation must show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." <u>Id.</u> at 492; <u>see also</u> <u>Winthrow v. Donnelly</u>, 356 F. Supp. 2d 273, 275 (W.D.N.Y. 2005) (applying <u>Dawes</u> standard to summary judgment motion); <u>Contes v. Porr</u>, 345 F. Supp. 2d 372, 377-78 (S.D.N.Y. 2004) (same).

Mr. Toliver has satisfied the first <u>Dawes</u> factor because a prisoner's filing of lawsuits or administrative grievances is constitutionally protected. <u>See</u> <u>Bounds</u>, 430 U.S. at 821 (holding that access to courts is an established constitutional right). In

addition, Mr. Toliver also meets the second <u>Dawes</u> factor. Although a routine cell search may not give rise to a retaliation claim, the confiscation or destruction of property taken at the time of the search may. <u>Smith v. City of New York</u>, No. 03 Civ. 7576, 2005 WL 1026551, at *3 (S.D.N.Y. May 3, 2005) ("[R]etaliatory destruction of a prisoner's personal property has previously been found substantial enough to qualify as an adverse action."); <u>Soto v. Iacavino</u>, No. 01 Civ. 5850, 2003 WL 21281762, at *2 (S.D.N.Y. June 4, 2003) (holding that allegation that corrections officers deliberately destroyed inmate's property in retaliation for grievances stated viable claim).

To satisfy the third prong, the plaintiff must establish a casual connection between the filing of his lawsuits and the retaliatory event. "The causal connection must be sufficient to support the inference 'that the speech played a substantial part in the [] adverse [] action.'" <u>Diesel v. Town of Lewisboro</u>, 232 F.3d 92, 107 (2d Cir. 2000) (quoting <u>Ezekwo v. New York City Health & Hospital Corp.</u>, 940 F.2d 775, 780-81 (2d Cir. 1991)). Here, Mr. Toliver's allegations are conclusory and his pleadings contain few, if any, specific facts relating to the defendants' involvement in the destruction of his personal property. In his Second Amended Complaint, Mr. Toliver asserts cryptically that "this" was done to him because of his sexual orientation and his "filing of complaints

and grievances." (2d Am. Compl. at 12).  Mr. Toliver neither cites
to specific complaints and grievances nor provides any evidence that
might establish a causal connection between the filing of grievances
and the destruction of his property.  Since there is insufficient
evidence supporting an inference of retaliatory motive, Mr. Toliver
cannot maintain a retaliation claim for the destruction of his
property.

        3.   <u>Denial of Due Process</u>

    Whether negligent or deliberate, the destruction of an inmate's
property caused by a prison officer's unauthorized conduct does not
give rise to a claim under the Due Process Clause if the state
provides that inmate with an adequate postdeprivation remedy.
<u>Hudson v. Palmer</u>, 468 U.S. 517, 533-36 (1984).  It is well
established that New York provides inmates with the opportunity for
a meaningful postdeprivation hearing through state law causes of
action for "negligence, replevin, or conversion which could fully
compensate [the plaintiff] for his alleged property loss." <u>Cook v.
City of New York</u>, 607 F. Supp. 702, 704 (S.D.N.Y. 1985); <u>see also</u>
<u>Dove v. City of New York</u>, No. 99 Civ. 3020, 2000 WL 342682, at *3
(S.D.N.Y. March 30, 2000); <u>Smith v. O'Connor</u>, 901 F. Supp. 644, 647
(S.D.N.Y. 1995).  Mr. Toliver does not claim that he was denied
adequate postdeprivation procedures by which to seek compensation
for the destruction of his property.  "Plaintiff's failure to take

advantage of the state [law] does not convert his cause of action into a constitutional due process claim." Smith, 901 F. Supp. at 647; see also Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987) ("[S]ection 1983 [can]not be made a vehicle for transforming mere civil tort claims into constitutional injuries."). Therefore, Mr. Toliver cannot sustain a claim for violation of his due process rights.

E.   State Law Claims

The defendants seek dismissal of pendant state law claims because they allege Mr. Toliver failed to comply with New York State statutory requirements. New York law requires that, in order for an action to be brought against the City of New York or any employee, a notice of claim must be served on the municipality within 90 days after the claim arose. N.Y. Gen Mun. Law §§ 50-e(1)(a) & 50-k(6). "Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim." Dingle v. City of New York, 728 F. Supp. 2d 332, 348-49 (S.D.N.Y. 2010). "The burden is on the plaintiff to demonstrate compliance with the Notice of Claim requirement." Horvath v. Daniel, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006).

Mr. Toliver responds that he filed several Notices of Claim

with the City Comptroller's office, and he provided a copy of one such Notice with his Second Amended Complaint. Thus, there is a genuine issue of material fact pertaining to whether he successfully filed Notices of Claim. As the only federal cause of action that survives summary judgment is Mr. Toliver's claim for excessive force against Officer Burton, the defendants' motion to dismiss any state law claims arising from that claim should be denied. There is no federal supplemental jurisdiction over any other potential state claims because they would not rise from the same "case or controversy" as the remaining federal claim. 28 U.S.C. § 1367(a); United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966) (exercise of supplemental jurisdiction proper where "state and federal claims [] derive from a common nucleus of operative fact").

Conclusion

For the foregoing reasons, I recommend that the defendants' motion for partial summary judgment be granted in part and denied in part. Specifically, I recommend that the motion be granted as to (1) Mr. Toliver's excessive force and failure to intervene claims as against Captain Pressley, Captain Banks, and Officer McArdle, (2) his deliberate indifference to medical need claim as against all defendants, and (3) his destruction of property claim as against all defendants. However, I recommend that the motion be denied as to state law claims insofar as they relate to his claim of excessive

21

force by Officer Burton.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, U.S.D.J., Room 1010, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           December 10, 2012

Copies mailed this date:

Michel Toliver
10-A-4565
Shawangunk Correctional Facility
P.O. Box 700
Walkill, NY 12589

Joseph A. Marutollo, Esq.
Joshua A. Lax, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York  10007

22