```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
MICHEL TOLIVER,                         :  10 Civ. 5806 (SHS) (JCF)
                                        :
              Plaintiff,                :       REPORT AND
                                        :     RECOMMENDATION
     - against -                        :
                                        :
THE CITY OF NEW YORK, COMMISSIONER      :
OF THE DEPT. OF CORRECTIONS, CHIEF      :
OF THE DEPT. OF CORRECTIONS,            :
WARDEN OF G.R.V.C., D.O.C. CAPTAIN      :
PRESSLEY # 1176, D.O.C. CAPTAIN         :
BANKS #819, D.O.C. OFFICER BURTON       :
# 14371, D.O.C. OFFICER McARDLE         :
# 17893                                 :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE SIDNEY H. STEIN, U.S.D.J.:

Michel Toliver brings this action pro se pursuant to 42 U.S.C. § 1983 against Captain Pressley, Captain Banks, Correction Officer Bunton[1], and Correction Officer McArdle.[2] Mr. Toliver alleges that the defendants violated his civil rights by subjecting him to excessive force, failing to provide for his medical needs, and destroying his property, all while he was detained at George R. Vierno Center on Rikers Island in May 2010. In February 2014, the Honorable Sidney H. Stein, U.S.D.J., adopted my Report and Recommendation and granted summary judgment in favor of the

---

[1] Mr. Toliver has referred to this defendant variously as "Burton," "Burtton," "Buntton," and "Bentton."

[2] The parties have not provided the first names of the individual defendants.

1

defendants on all claims except the claims of excessive force brought against defendant Bunton under federal and state law. (Order dated February 11, 2014). Correction Officer Bunton has now submitted a letter motion seeking to dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the basis of the plaintiff's failure to prosecute. For the reasons that follow, I recommend that the motion be granted.

Background

Following the Court's determination granting partial summary judgment, I issued an order on February 13, 2014, establishing a schedule for submission of the pretrial order. Pursuant to that schedule, counsel was to submit the defendant's portion of the pretrial order by February 28, 2014, leaving blank those sections requiring the plaintiff's input; the plaintiff was to complete, sign, and return the pretrial order to defendant's counsel by March 14, 2014; and defendant's counsel was to submit the final version to the Court by March 21, 2014. (Order dated Feb. 13, 2014). On March 21, 2014, defendant's counsel advised the Court that he had sent the draft pretrial order to the plaintiff as directed but had never received Mr. Toliver's completed portion. (Letter of Joshua J. Lax dated July 31, 2013 (sic), electronically filed March 21, 2014). Accordingly, I ordered the plaintiff to provide defendant's counsel with his sections of the pretrial order by April 15, 2014,

"failing which the complaint will be dismissed." (Memorandum Endorsement dated March 24, 2014). He never did so. Instead, he sent a letter on or about April 1, 2014, requesting additional time to submit filings in this case and in another one. I denied that application on the basis that he had been granted ample time to comply. (Memorandum Endorsement dated April 10, 2014). When defendant's counsel filed the instant application (Letter of Joshua A. Lax dated April 22, 2014), I directed the plaintiff to respond by May 9, 2014, and indicated that no further extensions would be permitted. (Memorandum Endorsement dated April 24, 2014). The only other communication I received from Mr. Toliver was a letter dated May 1, 2014, complaining that he could not respond to the Court's directives because his mail was being withheld from him by the correctional facility where he is now incarcerated. (Letter of Michel Toliver dated May 1, 2014).

Discussion

Rule 16(f) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 41(b) provides in pertinent part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against

3

it."

Dismissal is a harsh remedy that is only appropriate in extreme circumstances. Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993). When the plaintiff is proceeding pro se, the court should be particularly hesitant to dismiss the action on the basis of a failure to follow proper procedures. See Spencer, 139 F.3d at 112. Nevertheless, "all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Spencer, 139 F.3d at 112-13 (citations omitted); see also Peart, 992 F.2d at 461 (citations omitted).

The duration of the delay in this case is not insignificant. It has been more than three months since Mr. Toliver was required to submit his portion of the pretrial order and almost a month since he was to respond to the defendant's application.

Mr. Toliver received explicit notice of the consequences of his failure to meet his obligations. I advised him in my Memorandum Endorsement dated March 24, 2014 that failure to comply would result in dismissal. Moreover, the plaintiff does not dispute that he was notified of the consequences of his continued failure to cooperate in producing the pretrial order. See Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (pro se plaintiff failed to respond to motion to dismiss and so failed to dispute that he was notified of consequences of failure to prosecute), aff'd, 152 F.3d 917 (2d Cir. 1998).

The delay created by the plaintiff's refusal to cooperate in drafting the pretrial order is clearly prejudicial. Correction Officer Bunton is unable to prepare for trial without knowing what evidence and witnesses the plaintiff intends to proffer, yet this defendant still continues to incur the costs of organizing and preserving evidence dating to 2010.

A balancing between the Court's interest in efficient adjudication and the plaintiff's interest in having his day in

court must, in this instance, favor dismissal. While one case more or less has little impact on the Court's docket, Mr. Toliver's interest in having his day in court is outweighed by his failure to comply with his obligations under the Federal Rules. See Lediju v. New York City Department of Sanitation, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997); Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. 1989).

No sanction short of dismissal would be appropriate here. In a case where a party's delay has caused the adversary only to incur expenses, monetary sanctions may be sufficient. But here, in addition to incurring the cost of moving for sanctions, the defendant has also suffered prejudice to his ability to prepare for trial.

Finally, the plaintiff's suggestion that his failure to comply is attributable to interference with his mail is not credible. This is an excuse he has offered each time he has failed to meet a deadline in this case and in the numerous other cases he has filed in this Court. Notably, prison authorities do not appear to have interfered with the letters in which Mr. Toliver complains about the purported interference. Furthermore, although the plaintiff was able to communicate with the Court about his inability to meet his deadline here, he never included in those communications the

draft pretrial order he was supposed to provide. In short, I find his complaints of interference with his mail to be pretextual.

Conclusion

For the reasons set forth above, I recommend that the defendant's motion be granted and the action be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, Room 1010, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 4, 2014

Copies mailed this date:

Michel Toliver
10-A-4565
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, NY 14541

Jonathan J. Lax, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007