UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MICHEL TOLIVER,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, *et al.*

                Defendants.

10-Cv-5806 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

    On June 4, 2014, Magistrate James C. Francis IV issued a Report and Recommendation (Dkt. No. 134) recommending that this Court grant defendant Bunton's motion (Dkt. No. 131) pursuant to Federal Rule of Civil Procedure 41(b) seeking to dismiss this action. The Report and Recommendation provided plaintiff fourteen days to object, *i.e.* until June 18. *See* Fed. R. Civ. P. 72(b)(2).

    The Court is now in receipt of several submissions from plaintiff enclosed in an envelope postmarked June 17, 2014: (1) a letter dated June 10, 2014 in which plaintiff "opposes th[e] Report and Recommendation"; (2) a letter also dated June 10, 2014 in which plaintiff requests a thirty day extension within which to object to the Report and Recommendation; and (3) various documents appended in support of those requests. The Court considers in turn Toliver's two substantive submissions.

    **1.** The basis of defendant's motion to dismiss the case, and Magistrate Judge Francis's recommendation of dismissal, was that plaintiff has repeatedly failed to comply with court directives that he submit his portion of a pretrial order. (*See* Dkt. No. 134, at 2–3.) That failure continues. Pursuant to Rule 72(b)(3), this Court "must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to."

    Liberally construed, plaintiff raises two objections to the recommendation that this action be dismissed. First, plaintiff avers that

contrary to the conclusion of the Report and Recommendation that plaintiff failed to submit his portion of the pretrial order, he in fact "did comply, and filed and served an affidavit attesting to that fact, sent to the Chief USDC Judge Preska." Second, plaintiff claims that he has "since 2010 experience[ed] outgoing legal mail being withheld," causing him to miss various deadlines.

There is simply no evidence to support plaintiff's first assertion. Most significantly, plaintiff has not included his portion of the pretrial order in his June 10 submission, or in either of the other two letters submitted since defendants mailed Toliver their portion of the pretrial order on February 28, 2014, or in any submission whatsoever. (*See* Dkt. No. 126-1 (Lax Aff. dated Feb. 28, 2014); Dkt. No. 129 (Toliver Letter dated Apr. 1, 2014); Dkt. No. 133 (Toliver Letter dated May 1, 2014)).

As for plaintiff's claims regarding obstruction of his mail, the Court adheres to Judge Francis's finding that "plaintiff's suggestion that his failure to comply [with deadlines] is attributable to interference with his mail is not credible." (*See* Dkt. No. 134, at 6.) The Court finds persuasive Judge Francis's conclusion that "[n]otably, prison authorities do not appear to have interfered with the letters in which Mr. Toliver complains about the purported interference." (*See id.*)[1]

Tellingly, although Toliver cites New York Supreme Court cases in support of his position, one of those cases was dismissed for Toliver's own failure to comply with a court order after the presiding justice rejected Toliver's claim that Five Points Correctional Facility personnel tampered with his mail. *See Toliver v. NYS Dep't of Corr.*, No. 13-47555 (N.Y. Sup. Ct. Dec. 9, 2013) (Seneca County) (dismissing the action shortly after noting that in response to the court's directive that "Five Points personnel . . . look into the

---

[1] Although the Court has conducted a de novo review of the Report and Recommendation, the Court notes that Judge Francis, who has overseen extensive pretrial proceedings in a full dozen of plaintiff's actions, is particularly well positioned to assess the credibility of Toliver's assertions. (*See, e.g.*, 10-cv-822, 10-cv-3165, 10-cv-5354, 10-cv-5355, 10-cv-5803, 10-cv-5804, 10-cv-5805, 10-cv-5807, 10-cv-6298, 10-cv-6619, 10-cv-6666, 10-cv-7798.)

issue of any purported hold on" Toliver's mail, "Deputy Superintendent of Programs, L. Jones . . . reported to the Court . . . that there was no evidence to support [Toliver's] claim that his access to the Court[] had been restricted"). Magistrate Judge Ellis has similarly rejected Toliver's contentions "[a]fter reviewing submissions from the parties" on the issue in yet another of Toliver's litigations. *See Toliver v. N.Y.C. Dep't of Corr.*, No. 10-cv-822, Dkt. No. 44 (Feb. 2, 2011) (denying plaintiff's motions for sanctions on the ground, *inter alia*, that corrections officer defendants "had interfered with his mail").

In short, in the four months since Judge Francis first set the deadline for plaintiff to submit his portion of the pretrial order, plaintiff has failed to do so despite successfully mailing no fewer than four other letters to this Court in that time. (*See* Dkt. No. 125 (Feb. 27, 2014 Letter); Dkt. No. 129 (Apr. 1, 2014 Letter); Dkt. No. 133 (May 1, 2014 Letter); June 10, 2014 Letter). The Court hereby overrules Toliver's objections.

**2.** In support of his separate request for an extension of time to submit further objections, plaintiff states that he "is now drafting [an] opposition[]"; that he is "in protected custody and must await 24 hours per request for law library materials and 3-4 days mail route"; and that he "received both R&R[s] on June 10, 2014 leaving [him] only a week" to file an opposition.

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "the court may, for good cause, extend" a deadline "if a request is made[] before the original time or its extension expires." The Court recognizes that a prisoner will often demonstrate good cause for obtaining an extension of a deadline when he alleges that he has limited access to legal materials or that prison officials have interfered with his mail. *See, e.g., Stephanski v. Superintendent of Upstate Corr. Facility*, 2007 WL 210399, at *1 (W.D.N.Y. Jan. 25, 2007) (collecting cases). However, under the particular circumstances of this case and Toliver's continuing failure to comply with Magistrate Judge Francis's order, the Court finds that Toliver has failed to demonstrate good cause. *See, e.g., Chiulli v. IRS*, 2005 WL 3021179, at *3 (S.D.N.Y. Sept. 21, 2005) ("pro se parties are not automatically excused from complying with procedural rules").

First, Toliver has long been on notice that if he failed to submit his portion of the pretrial order, "the complaint *will* be dismissed." (*See* Dkt. No. 127 (Mar. 24, 2014 endorsement) (emphasis added)). Second, Toliver's request for an extension nowhere grapples with his failure to submit his portion of the joint pretrial order. Absent his submission of that document despite his having had ample opportunity to do so, there would be no serious basis for challenging Judge Francis's Report and Recommendation. Third, Toliver has already actually submitted opposition papers, which the Court has considered, as noted above. Toliver has therefore had an opportunity --- and has availed himself of it --- to contest the findings on which the Report and Recommendation was based.

The Court is mindful both of plaintiff's pro se status and that dismissal of an action is a harsh remedy that is appropriate only in extreme circumstances. But when pro se litigants "flout th[eir] obligation" "to comply with court orders," "they, like all litigants, must suffer the consequences of their actions." *See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). Having reviewed de novo the portions of the Report and Recommendation to which Toliver has objected, the Court: (1) overrules plaintiff's objections; (2) denies plaintiff's request for an extension of time to submit further objections; (3) adopts in full the Report and Recommendation dated June 4, 2014; and (4) dismisses this action.

Dated:   New York, New York
         June 24, 2014

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.